Citation Nr: 1736703 
Decision Date: 08/31/17 Archive Date: 09/06/17

DOCKET NO. 12-27 595A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Atlanta, Georgia


THE ISSUES

1. Entitlement to service connection for bilateral hearing loss.

2. Entitlement to service connection for tinnitus.


REPRESENTATION

Veteran represented by: Georgia Department of Veterans Services


WITNESS AT HEARING ON APPEAL

Veteran


ATTORNEY FOR THE BOARD

J. L. Burroughs, Associate Counsel
INTRODUCTION

The Veteran served on active duty from November 1961 to November 1963, with subsequent service in the Illinois National Guard.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from an October 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Atlanta, Georgia.

In April 2015, the Veteran presented sworn testimony during a videoconference hearing before a now retired Veterans Law Judge. Transcript of that hearing is of record. That VLJ remanded the matter in August 2015 for further development. 

In June 2017, the Veteran was notified that the VLJ who conducted his hearing was no longer an employee of the Board and he was offered the opportunity for a new hearing. He declined the additional hearing in July 2017 correspondence.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

In August 2015, the Board remanded this matter to afford the Veteran a VA examination. A negative examination opinion was obtained in November 2015. The examiner explained that an accurate opinion as to the etiology of the Veteran's conditions could not be rendered without resorting to mere speculation. As partial rationale, the examiner noted that audiological test results on VA examination were too unreliable to determine etiology. The Board finds this rationale inadequate. 

Here, the examiner essentially indicated that an opinion could not be provided without reliable audiological results. There was a suggestion that the inconsistent test results were due to the Veteran exaggerating the severity of his hearing loss, and that he did not meet the threshold requirements for VA purposes. However, if such was the case, the suggestion was far too veiled to permit the Board to assess the Veteran's credibility. It would also be confounded by the fact that the record included private audiological examinations and reports which contain numerical findings suggestive of hearing loss for VA purposes as well as diagnoses for tinnitus and bilateral sensorineural hearing loss. See ENT and Allergy Associates of South Georgia November 2008 through April 2015 Records. Indeed, the examiner made no comment on these earlier tests and whether they would be sufficient to render an etiological opinion.

That said, to help reconcile the differing evidence, and obtain an opinion that accounts for the assembled evidence, the Board is remanding these claims for another audiology examination to consider the treatment findings, perform new testing, and provide opinions. Barr v. Nicholson, 21 Vet. App. 303 (2007) (Once VA undertakes to provide an examination it is obligated to insure that the examination is adequate). See also 38 U.S.C.A. § 5103A (d) (West 2014). The Veteran is reminded that providing reliable and consistent reporting of his hearing loss disability is essential to make a proper decision on his appeal.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Schedule the Veteran for a VA examination to determine the nature and etiology of any bilateral hearing loss disability and tinnitus. The examiner must review the claims file and should note that review in the report. The examination report should include discussion of the Veteran's documented medical history and assertions. All necessary tests and studies should be accomplished. The examiner should set forth all examination findings, with a clear rationale for the conclusions reached, to include a discussion of any pertinent medical literature reviewed. The examiner should provide the following information:

a. State whether the evidence of record supports a diagnosis of bilateral hearing loss for VA purposes presently or at any time during the appeal period. The examiner should to reconcile/address the findings of the reports from ENT and Allergy Associates of South Georgia dated November 2008 through April 2015. If a diagnosis of hearing loss for VA purposes is not supported on examination or by the earlier examinations of record, please provide an explanation as to why the test results are deemed in invalid.

b. If hearing loss for VA purposes is established, is at least as likely as not (50 percent probability or more) that it had its onset in service or within one year of separation from service or is otherwise related to any incident of service, to include exposure to noise during service. The examiner must consider statements from the Veteran regarding the onset and continuity of symptomatology. 

c. Is at least as likely as not (50 percent probability or more) that it had the Veteran's tinnitus had its onset in service or within one year of separation from service or is otherwise related to any incident of service, to include exposure to noise during service. The examiner must consider statements from the Veteran regarding the onset and continuity of symptomatology. Further, if service connection for hearing loss is deemed warranted, the examiner should state whether it is as likely as not the tinnitus was caused or aggravated by the hearing loss.

If the examiner determines that an opinion cannot be rendered without result to mere speculation then it should be clear in the examiner's remarks whether it cannot be determined from current medical knowledge or if an opinion could be rendered if additional facts were known. If additional facts are needed, the examiner shall state what facts, if known, would impact his or her ability to render an opinion and how. Simply stating that an opinion cannot be provided without resort to mere speculation is not acceptable without a detailed reason as to why this is so. 

Rationale for all requested opinions shall be provided.

2. Then, readjudicate the claims. If any decision is adverse to the Veteran, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.


The Veteran has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
MICHAEL A. HERMAN
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).